UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EXPRESS ENERGY SERVICES OPERATING, L.P.,**

      Plaintiff,

  v.

**HALL DRILLING, LLC, et al.,**

      Defendants.

Case No. 2:14-cv-204
**JUDGE GREGORY L. FROST**
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss (ECF No. 11) and memorandum in support (ECF No. 12) filed by Defendants Hall Drilling, LLC and Hall & Ross Resources ("the Hall Defendants"); a memorandum in opposition (ECF No. 26) filed by Plaintiff, Express Energy Services Operating, L.P. ("Express Energy"); and a reply memorandum (ECF No. 34) filed by the Hall Defendants; and

(2) a motion for judgment on the pleadings (ECF No. 23) filed by Express Energy; a memorandum in opposition (ECF No. 35) filed by the Hall Defendants; and a reply memorandum (ECF No. 36) filed by Express Energy.

For the reasons that follow, the Court **GRANTS** the Hall Defendants' motion to dismiss (ECF No. 11) and **DENIES** Express Energy's motion for judgment on the pleadings (ECF No. 23).

## I.  Background

According to the complaint, the Hall Defendants are in the oil and gas business.[1]  As part of their business activities, they own or operate two oil and gas wells, designated as Hercher South No. 1H Well and Hercher South No. 2H Well, both of which are located in Monroe County, Ohio.  Beginning in November 2013, the Hall Defendants entered into a contract with Express Energy that called for Express Energy to furnish labor, materials, machinery, and supplies in connection with the drilling and use of these wells.  The Hall Defendants allegedly failed to pay Express Energy in accordance with the contract, however, and Express Energy filed a lawsuit in the Court of Common Pleas in Monroe County, Ohio.  The Hall Defendants subsequently removed the action to this Court in February 2014.  (ECF No. 1.)

In its complaint, Express Energy asserts four claims for relief: breach of contract, action on account, quantum meruit, and foreclosure of mechanic's liens on mineral interests and related property interests.  (ECF No. 1 ¶¶ 21-41.)  The Hall Defendants responded by filing a motion to dismiss the mechanic's liens claims constituting Count Four.  (ECF No. 11.)  The Hall Defendants then filed an answer in which they asserted counterclaims for breach of contract, negligence, and fraud related to actions and statements surrounding Express Energy's alleged failure to test and approve a pipe casing joint that failed.  (ECF No. 13 ¶¶ 23-44.)  Express Energy responded to the counterclaims with a motion for judgment on the pleadings on the negligence and fraud claims.  (ECF No. 23.)  The parties have completed briefing on the

---

[1]  The complaint names three defendants: Hall Drilling, LLC, identified as a West Virginia limited liability company; Hall Drilling, LLC, identified as an Ohio limited liability company; and Hall & Ross Resources, identified as an Ohio partnership.  For ease of reference, the Court shall refer to these entities collectively.

motions, which are ripe for disposition.

## II.  Motion to Dismiss

### A.  Standard Involved

The Hall Defendants move for dismissal on the grounds that Express Energy has failed to set forth claims upon which this Court can grant relief.  This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe the amended complaint in Express Energy's favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable.  *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Discussion

As noted, Count Four of Express Energy's complaint is a claim under Ohio law for the foreclosure of mechanic's liens on mineral interests and related property interests. The Hall Defendants argue that Express Energy cannot prevail on this claim because the mechanic's liens upon which Express Energy relies are invalid for four reasons.

The Hall Defendants first argue that dismissal of the mechanic's liens claim is warranted because the lien affidavits attached to the complaint fail to include the name of the owner, part owner, or lessee. Under Ohio Revised Code § 1311.021, a party seeking to foreclose on a mechanic's lien related to oil and gas wells must record a lien affidavit that satisfies Ohio Revised Code § 1311.06, subject to modification as set forth in the former statute. Section 1311.06(A) provides in relevant part that "[a]ny person . . . who wishes to avail self of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing . . . *the name of the owner, part owner, or lessee, if known, . . . .*" Ohio Rev. Code § 1311.06(A) (emphasis added). The statutory scheme also provides that " '[o]wner,' 'part owner,' or 'lessee' includes all the interests either legal or equitable, which such person may have in the real estate upon which the improvements are made, including the interests held by any person under contracts of purchase, whether in writing or otherwise." Ohio Rev. Code § 1311.01(A).

Review of the lien affidavits recorded in Monroe County, which are exhibits to the complaint, indicates that the lien affidavits indeed name only Hall Drilling, L.L.C. as the owner, part owner, or lessee. (ECF No.2, at Page ID # 101-02 (Hercher South No. 1H Well Aff.); ECF No.2, at Page ID # 150-51 (Hercher South No. 2H Well Aff.).)  Express Energy argues that it

thus complied with the statute by identifying the only *known* owner or lessee in each lien affidavit.  Additionally, Express Energy alternatively argues that even if it did not include any known owners, the omissions are inconsequential and the liens are valid.  Neither argument is persuasive.

As the Hall Defendants correctly point out, attachments to the lien affidavits indicate that although Express Energy listed Hall Drilling, L.L.C., Express Energy unquestionably also knew of additional owners, part owners, or lessees at the time it submitted the lien affidavits–but failed to list these additional persons.  For example, an exhibit that Express Energy attached to its affidavit for the Hercher South No. 1H Well listed numerous royalty interest owners.  (ECF No. 2, at Page ID # 114 (largely illegible copy); ECF No. 34-1, at Page ID # 302 (legible copy).)  Additional plat exhibits attached to that same lien affidavit include owners or part owners that are not included in the affidavit itself.[2]  (ECF No. 2, at Page ID # 122, 134.)  Also relevant is a letter sent by counsel for Express Energy to counsel for the Hall Defendants.  This letter, in which Express Energy demands payment for the mechanics' liens, provides in part: "Please note that pursuant to the requirements of Chapter 1311 of the Ohio Revised Code, we are notifying your client directly, by courtesy copy of this letter, of the filing of the aforementioned lines, in addition to other owners, part owners and/or lessees of the now encumbered property."  (ECF No. 2, at Page ID # 164.)  The letter then lists numerous owners or part owners not named in the lien affidavits.

---

[2] The Hall Defendants assert that a plat exhibit attached to the lien affidavit for the Hercher South No. 2H Well similarly includes additional owners not listed in the corresponding affidavit.  (ECF No. 2, at Page ID # 157.)  Because the copy of the plat attached to the complaint is illegible and this Court has not been provided with a legible copy of this document, the assertion does not inform today's decision.

5

These exhibits mean that Express Energy  Express Energy cannot find the refuge it seeks in the "if known" language of  Ohio Revised Code § 1311.06(A).  Additional owners or part owners were known to Express Energy, and the company failed to list them in the lien affidavits as required in order to create valid liens.  In an attempt to circumvent this issue, Express Energy suggests that there is a factual issue over what it did and did not know that is inappropriate for a motion to dismiss.  But this premise misconstrues the nature of the Rule 12(b)(6) analysis involved.  The Hall Defendants are not challenging Express Energy's factual allegations surrounding the mechanics' liens (at least not here, in this Rule 12(b)(6) context).  Nor is the issue a disagreement over Express Energy's designation of *who* is the correct owner, as Express Energy characterizes the issue.  Rather, the Hall Defendants are arguing that, taking the facts as alleged in the complaint (and its incorporated exhibits) as true, the facts do not present a mechanic's lien claim.  The point is that Express Energy had to identify all known owners, part owners, and lessees, and Express Energy's pleading reveals that the company did not.

Documents that the company relied upon in attempting to establish the liens or executed during that period of time speak for themselves, and they present facts that puncture Express Energy's "we didn't know" argument.  They also render distinguishable those state cases cited by Express Energy that deal with a failure to include unknown owners or misidentifying the owner with an incorrect name.  Contrary to Express Energy's briefing, today's analysis does not impose upon a party seeking to foreclose on a mechanic's lien a duty to perform an inquiry to discover unknown owners or part owners.  The analysis instead looks at whether the facts as pled present a plausible mechanic's lien claim.  Here, the facts do not because the pleading itself indicates that additional owners or part owners were known to Express Energy and were not

simply misidentified, but were not included in the lien affidavits. This means that the state law lien claim is implausible, which means that this Court cannot grant relief on the claim.

These last two conclusions are correct because the lien affidavit omissions are not inconsequential. Ohio law provides that " '[m]echanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches.' " *Decker Constr. Co. v. Ohio River Pipe Line, L.L.C.*, No. 06AP-483, 2007-Ohio-421, 2007 WL 275701, at *4 (Ohio Ct. App. Feb. 1, 2007) (quoting *Crock Constr. Co. v. Stanley Miller Constr. Co.*, 66 Ohio St.3d 588, 592, 613 N.E.2d 1027, 1030-31 (1993)). Thus, strict compliance is required to create a lien, which is significant given that the pleading indicates no such compliance here. The consequence of this insufficient compliance proves dispositive of the motion to dismiss because Ohio courts have held that the "failure to set forth the correct owner's name in an affidavit for mechanic's lien precludes the creation of a valid lien." *Id.* (citing *Hoppes Builders & Dev. Co. v. Hurren Builders, Inc.*, 118 Ohio App.3d 210, 211, 692 N.E.2d 622, 622 (1996)). One Ohio court of appeals succinctly explained the analytic chain that results:

> In the instant case, the plaintiff filed an affidavit in an attempt to create a mechanic's lien. R.C. 1311.06(A) states that the name of the owner of the property must be included in the affidavit to create a lien on that property. The plaintiff failed to strictly adhere to the statute when it listed the incorrect party as the owner of the property in the affidavit. For this reason, the lien is invalid.

*Fairfield Ready Mix v. Walnut Hills Assocs., Ltd.*, 60 Ohio App.3d 1, 2, 572 N.E.2d 114, 115 (1988). Accordingly, rather than constituting inconsequential errors by Express Energy, the lien affidavit omissions serve to prevent the creation of valid liens.

The Court finds the Hall Defendants' first argument for dismissal well taken. Therefore, this Court need not and does not address the moot remaining three arguments for dismissal of

Express Energy's Count Four.

### III.  Motion for Judgment on the Pleadings

#### A.  Standard Involved

Express Energy seeks judgment on the Hall Defendants' second and third counterclaims under Federal Rule of Civil Procedure 12(c), which requires that this Court review the motion in the same manner that the Court would review a motion made under Rule 12(b)(6).[3]  *Ferron v. Zoomego, Inc.*, 276 F. App'x 473, 475 (6th Cir. 2008); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  In order to determine whether the Hall Defendants have asserted a claim in Counts Two and Three upon which this Court can grant relief, the Court must construe the Hall Defendants' pleading in their favor, accept the factual allegations contained in their pleading as true, and determine whether the factual allegations present a plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable.  *Twombly*,

---

[3]  Given that the same inquiry pertains to a Rule 12(b)(6) motion and a Rule 12(c) motion, it is not material here that the pleading related to the counterclaims had not yet closed when Express Energy filed its Rule 12(c) motion.  *See* ECF Nos. 23 (motion) & 25 (subsequently filed answer to counterclaims).

550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

## B. Discussion

In their second counterclaim, the Hall Defendants assert that Express Energy was negligent in regard to its Tork-Teq examination and consequent approval of the pipe well casing that subsequently failed. Express Energy argues that it is entitled to judgment on this counterclaim because, under Ohio law, the existence of the contract claim here precludes pursuit of the negligence claim. More specifically, Express Energy asserts that the Hall Defendants have failed to plead any facts that differentiate the negligence claim from the breach of contract claim–such as an independent duty distinct from the contractual obligations–and any allegations of damages attributable to negligence as opposed to those attributable to the purported contractual breach.

Assuming for the sake of argument that Ohio law indeed applies here (and there appears to be a dispute between the parties on this issue), that state law provides that "[a] tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151, 684 N.E.2d 1261,

1270 (Ohio Ct. App. 1996) (citing *Battista v. Lebanon Trotting Assoc.*, 538 F.2d 111, 117 (1976)).  But this Court need not wade into the parties' substantive arguments regarding the contours of the state law because it is unclear whether a contract exists and, if it does, what the terms of that contract are.

As the Hall Defendants point out in their briefing, there is no written contract before this Court.  Nowhere in the dozens and dozens of exhibits attached to the complaint did Express Energy include a contract.  There is also no contract accompanying the pleading of the Hall Defendants that asserts the potentially conflicting counterclaims.  Express Energy suggests that the absence of a filed contract is immaterial because the parties agree in their pleading that a contract exists (although the Hall Defendants both deny the existence of a contract in their answer and then rely on a contract in one of their counterclaims).  The Hall Defendants contend in their briefing, however, that they have exercised their right under Federal Rule of Civil Procedure 8(d)(2) to plead in the alternative.  They also argue that an independent duty exists that would remove this case from the contract-tort rule that might otherwise potentially preclude two of their three counterclaims.

In addition to permitting pleading in the alternative, the Civil Rules also recognize that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).  It stands to follow that one counterclaim may assert the existence of a contract, while another may permissibly present a claim for relief that would likely necessitate no contract existing.  Although arguably a close call, prudence dictates that this Court join those judicial officers both within and outside this District who have declined to dispose of an alternative claim based on another claim asserting the existence of a contract.  *See, e.g., City of*

10

*Elyria, Ohio v. York Int'l Corp.*, No. 1:03CV2079, 2005 WL 1353871, at *3 (N.D. Ohio June 7, 2005); *Teknol, Inc. v. Buechel*, No. C-3-98-416, 1999 WL 33117391, at *2-3 (S.D. Ohio Aug. 9, 1999).

This is not to say whether Express Energy's premise is without merit, in regard to either the negligence counterclaim or the misrepresentation-fraud counterclaim addressed below. Subsequent developments in this litigation, including fuller substantive briefing and factual development on any choice of law issue and the filing of summary judgment motions, may well present grounds for reaching the merits of the parties' dispute and potentially disposing of the tort claims precisely as Express Energy advocates. At this juncture and in this context, however, the Court with some caution finds not well taken the argument for entering judgment on the tort counterclaims based on the mere existence of the contract counterclaim.

Express Energy also moves for judgment on the third counterclaim, in which the Hall Defendants assert that Express Energy engaged in fraud by improperly testing a pipe joint on a well and then providing a report to the Hall Defendants in which Express Energy accepted the pipe joint as properly made up. Express Energy argues that it is entitled to judgment on this counterclaim because the Hall Defendants have failed to plead the asserted fraud with the requisite particularity. Although there may be some debate between the parties as to which state's law governs the substantive elements of the fraud claim, there is no debate over the fact that "[p]arties litigating in federal court due to diversity must comply with the Federal Rules of Civil Procedure, including Rule 9, which requires a party pleading fraud to 'state with particularity the circumstances constituting fraud.' " *Ram Int'l, Inc. v. ADT Sec. Servs., Inc.*, 555 F. App'x 493, 498 (6th Cir. 2014) (quoting Fed. R. Civ. P. 9(b)).

11

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy this rule, a plaintiff must "at a minimum allege the time, place and content of the misrepresentation upon which [it] . . . relied; the fraudulent intent of [the alleged tortfeasor]; and the injury resulting from the fraud." *Michaels Bldg. Co. v. Ameritrust Co.*, *N.A.,* 848 F.2d 674, 680 (6th Cir. 1988). *See also United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 642 (6th Cir. 2003) (explaining that Rule 9(b) requires a plaintiff to state with particularity the circumstances of fraud–"i.e., the time, place, and substance"); *American Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 109 (6th Cir. 1990). Thus, although the *circumstances* of the fraud must be stated with requisite particularity, a complaint need not include evidence. *Michaels Bldg. Co.*, 848 F.2d at 680 n.9. What is required is simply sufficient notice of the nature of the claim. *Id*. at 680; *American Town Ctr.*, 912 F.2d at 109-10.

In deciding whether there is fair notice or a lack of particularity, a court must consider the heightened standard of Rule 9(b) in light of the policy of simplified pleadings set forth in Rule 8. *Michaels Bldg. Co.*, 848 F.2d at 679; *American Town Ctr.*, 912 F.2d at 109. For this Court to consider only the particularity of Rule 9(b) would be too narrow and inappropriate considering the simplicity and flexibility in pleading contemplated by the Rules. *Michaels Bldg. Co.*, 848 F.2d at 679. Further, the Sixth Circuit Court of Appeals has held that Rule 9(b) may be relaxed when there has been a lack of discovery and the information needed for a party to achieve particularity is held exclusively by the opposing party. *Id.* at 680. Rule 9(b) therefore does not require the complaining party to be omniscient, and it is not intended to prevent courts

from reaching the truth behind a case. *Id*. Rather, the main purpose behind Rule 9(b) is to provide notice of a complaining party's claim to a defending party so that party can prepare an informed responsive pleading. *Id*. at 679; *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Given the foregoing, the Court concludes that the Hall Defendants have sufficiently pled their fraud claim. The Hall Defendants' Count Three counterclaim for fraud expressly incorporates the first twenty-two factual paragraphs of the counterclaim component of the answer. (ECF No. 13, at Page ID # 214 ¶ 35.) The factual allegations set forth in these paragraphs provide that Express Energy indicated to the Hall Defendants that Torq-Tek testing would ensure that each well casing joint was properly made up and that Express Energy provided them with a job report that, pursuant to such testing, approved this joint work despite reason to know that the pipe joint number 216 was not properly made up. The Hall Defendants claim that they relied on these representations and that they incurred consequent damages in their efforts to remedy the blown well casing and in the inability to bring the relevant well into production. This is enough to preclude judgment under Rule 12(c).

The counterclaim pleading may not provide the actual dates on which the alleged fraudulent statements were made, but the pleading does identify when the purported statements occurred: the day on which Express Energy made its sales presentation involving Torq-Tek testing services (ECF No. 13, at Page ID # 210 ¶ 5), the day on which the Tor-Tek computer operator informed the casing team that pipe joint number 216 was properly made up (*Id.* at Page ID # 210 ¶ 10), and the day on which that operator delivered the job report to the Hall Defendants that the pipe joint had been accepted (*Id.* at Page ID # 211 ¶¶ 14-15). Thus, this is

13

not a case in which a party has alleged only conclusory allegations of fraud in a pleading that fails to put the defending party on notice of when the fraud is said to have occurred. *See, e.g., U.S. ex rel Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 515 (6th Cir. 2007). This is a case in which the pleading reveals when the alleged fraud took place by identifying the day (which Express Energy would surely know) even if it does not do so by calendar dates.

Similarly, although the counterclaim pleading does not provide the name of the actual place where each targeted representation occurred, the pleading does identify where the purported representations occurred: the location of the sales presentation, the location of the testing, and the location where the job report was delivered.

Additionally, the counterclaim pleading identifies the content of the representations sufficiently. A party alleging fraud need not provide direct quotes to satisfy Rule 9(b). Instead, the party must plead the content of the representations. The pleading here makes clear the content of the representations, which distinguishes this case from cases in which a company's agent allegedly made material misrepresentations but the pleading fails to reveal the content of those misrepresentations. *See, e.g., Ram Int'l, Inc.*, 555 F. App'x at 498-99.

The Hall Defendants' foregoing time, place, and content pleading is all that is needed. More information may be relevant to the fraud counterclaim, but it is not necessary for Rule 9(b) purposes. For example, although the counterclaim pleading does not provide the actual name of the specific individuals who made the targeted representations, the pleading does identify these individuals by their corporate position or role. Rule 9(b) requires that the party asserting fraud identify the individuals who participated in the fraudulent scheme, but it does not mandate that individual corporate employees be named specifically in the pleading. *U.S. ex rel Bledsoe*, 501

F.3d at 506-09.

Express Energy therefore has sufficient notice of the fraudulent conduct about which the Hall Defendants complain so as to satisfy the policies underlying pleading under Rule 8 and Rule 9(b). *See Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006) ("[W]hen deciding a motion to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must also consider the policy favoring simplicity in pleading, codified in the 'short and plain statement of the claim' requirement of Federal Rule of Civil Procedure 8.  As we have noted, 'Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony.' " (quoting *Michaels Bldg. Co.*, 848 F.2d at 679)); *see also U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) ("Rule 9(b) adds additional pleading requirements for allegations of fraud or mistake, but it should not be read to defeat the general policy of 'simplicity and flexibility' in pleadings contemplated by the Federal Rules" (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1298, at 407 (1969))).  The Sixth Circuit has explained that "the purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co.*, 848 F.2d at 679.  The counterclaim pleading here satisfies this purpose, as well as the requirements of Rule 8.  Consequently, the Court finds Express Energy's argument for judgment on the third counterclaim not well taken.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Hall Defendants' motion to dismiss (ECF No. 11) and **DENIES** Express Energy's motion for judgment on the pleadings (ECF No. 23).

**IT IS SO ORDERED**.

                                                   /s/ Gregory L. Frost
                                         GREGORY L. FROST
                                         UNITED STATES DISTRICT JUDGE